UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**GISELE ROTH SAIZ WENDEL,**   Civil Action No.: 1:19-cv-21658-KMW

    **Plaintiff,**

v.

**INTERNATIONAL REAL ESTATE.NEWS, LLC,**
**and DAVID BASCH,**

    **Defendants.**

_____/

**DAVID BASCH,**

    **Defendant/Third-Party Plaintiff,**

v.

**DAVID FARRON,**

    **Third-Party Defendant.**

_____/

**DAVID BASCH,**

    **Counterclaim Plaintiff,**

v.

**GISELE WENDEL,**

    **Counterclaim Defendant.**

_____/

### DAVID BASCH'S OPPOSING MEMORANDUM OF LAW TO THIRD-PARTY DEFENDANT DAVID FARRON'S MOTION TO DISMISS DAVID BASCH'S THIRD-PARTY COMPLAINT [ECF 44]

Pursuant to Local Rule 7.1(c), David Basch ("Basch") submits his Opposing Memorandum of Law to Third-Party Defendant David Farron's ("Farron") Motion to Dismiss Basch's Third-Party Complaint (the "Motion") [ECF 44]. Farron's Motion fails to engage in any analysis of the pertinent factors under Rule 19. Rather, Farron simply claims that Clodes Basch ("Clodes") is a 5% member of International Real Estate.News, LLC ("IREN"), was allegedly involved in IREN's management, and introduced Wendel to Farron. Farron claims this alone make Clodes an indispensable party under Rule 19, with nothing more.

1

Farron's Motion falls far short under Rule 19. Regardless of the accuracy of these facts, the Court can easily adjudicate complete relief between Basch and Farron under Basch's Third-Party Complaint as to who is responsible between the two, if anyone, for Wendel's FLSA claims without Clodes being joined in that dispute. The elements of a common law indemnification claim, and Basch's allegation of those elements against Farron, are based on *Farron's* own conduct as managing member of IREN and his management and supervision of Wendel. None of these allegations or basis for liability pertains to Clodes. Any liability imposed between Basch and Farron relies on the actions of those two and no one else. And no risk, much less a substantial risk, exists for double, multiple, or inconsistent obligations between Basch and Farron absent Clodes being joined as a party. Farron makes no argument to the contrary. The Court should accordingly deny Farron's Motion.

## I.     The Rule 19 Analysis

Rule 19 sets forth a two-part analysis. *Laker Airways, Inc. v. British Airways, PLC,* 182 F.3d 843, 847 (11th Cir. 1999). The Court must first determine whether a person should be joined. *Id.; see* FED. R. CIV. P. 19(a). If the person should be joined but cannot be joined, the Court must consider whether the action can continue without the presence of that person. *See* FED. R. CIV. P. 19(b). If not, the person is considered indispensable. *Laker Airways,* 182 F.3d at 847.

Under Rule 19(a), a party is not required to be joined unless: (1) the court cannot accord complete relief among the existing parties without the absent party; or (2), a judgment entered without the absent party would impair the absent party's interest or impose on an existing party "double, multiple, or otherwise inconsistent obligations." The Court will not reach the Rule 19(b) analysis if a party is not required to be joined under Rule 19(a). *Helix Inv. Mgmt., LP v. Privilege Direct Corp.*, 364 F. Supp. 3d 1343, 1353 (M.D. Fla. 2019).

The burden is on the moving party to establish a party's indispensability. *Schwartz v. Four Residential, Inc.*, 2016 WL 10952496, *3 (S.D. Fla. May 11, 2016) (citing *Ship Constr. & Funding Servs. (USA), Inc. v. Star Cruises PLC*, 174 F. Supp. 2d 1320, 1325 (S.D. Fla. 2011)).

## II.     Clodes is Not an Indispensable Party.

Farron's Motion engages in no Rule 19(a) analysis. Rather, Farron's Motion quotes Rule 19(a). Farron's Motion then quotes portions of the state court action brought by Basch and Clodes to judicially dissolve IREN, and portions of Basch's counterclaim against Wendel in this action, but omits any reference to Basch's allegations against Farron in the Third-Party Complaint. After

2

that, Farron's Motion then simply asks the Court to find that Clodes is an indispensable party because:

(1) Clodes is a 5% member of IREN;

(2) Clodes was allegedly an "operator" of IREN, involved in its management, and was its COO according a business card Farron attaches;

(3) Clodes "knew of and established the business relationship between IREN and Wendel, she introduced Wendel to Farron and IREN for the sole purpose of aiding the operations needs of IREN (i.e. building a website and implementing search engine optimization)"; and

(4) Clodes is a "named plaintiff" in the state court dissolution action.

Listing these four alleged facts are the extent of Farron's argument under Rule 19(a). Farron has fallen far short of meeting his burden to prove Clodes is indispensable in this action.

The elements of a common law indemnification action that is Basch's claim against Farron in the Third-Party Complaint are that Basch is being sued for something where he is not at fault, the liability Basch faces is based on actions of Farron, and a special relationship exists between Basch and Farron. *See Fla. Peninsula Ins. Co. v. Ken Mullen Plumbing, Inc.*, 171 So.3d 194, 196 (Fla. 5th DCA 2015) (citations omitted). Basch's Third-Party Complaint against Farron alleges these factors. Farron does not challenge that those allegations are sufficiently pled, as he has not brought any Rule 12(b)(6) motion for failure to state a claim. The gist of Basch's allegations are that Basch is being sued by Wendel for actions that are the fault of Farron such that Farron must indemnify Basch for any liability. Clodes is a stranger to these allegations and issues. Clodes is not required to be joined, much less an indispensable party meriting dismissal of the action.

Rule 19(a)(1)(A)

As to Rule 19(a)(1)(A), the Court can certainly adjudicate Wendel's FLSA claims against IREN and Basch, and then adjudicate whether Farron is responsible for indemnifying Basch for any liability of Basch to Wendel based on Farron's own fault with respect to those claims of Wendel. The Court can easily do so without Clodes being a party. Farron makes no attempt to argue otherwise. Farron's liability for common law indemnification to Basch is based on Farron's own actions, not anything Clodes may or may not have done. Farron's liability under Basch's Third-Party Complaint rises and falls based Farron's own actions.

The fact that additional persons not parties to an action, such as Clodes in Basch's

3

indemnification against Farron, may also be responsible for some of the wrongdoing at issue in addition to the named parties does not by itself make those non-parties indispensable. *See Combe v. Flocar Inv. Group Corp.*, 977 F. Supp. 2d 1301, 1305 (S.D. Fla. 2013) (test is whether complete relief can be afforded to existing parties). In *Flocar*, the Court ruled missing parties in a contract dispute were not required to be joined under Rule 19 because the moving party failed to establish how the dispute, as pled, precluded complete relief between those named parties, even though additional parties to the contract at issue existed but had not been joined. *Id*. ("Defendants have not explained why the court cannot accord complete relief among the parties in these supposed agents' absence. Nor do Defendants suggest that these absent parties claim a legitimate interest in the real-estate transactions that are the subject of this action. This basis for the Motion is therefore rejected."). Such is the case here. *See also Winn–Dixie Stores, Inc. v. Dolgencorp, LLC,* 746 F.3d 1008, 1039 (11th Cir. 2014) (holding that a defendant "was fully able to pay damages and comply with injunctions" even with others potentially liable for the same sums).

Basch's allegations in the Third-Party Complaint are that to the extent Basch is personally liable to Wendel for any FLSA claim, that is the fault of Farron on account of Farron being the managing member of IREN and responsible for any hiring or supervision of Wendel. If the Court disagrees, then Basch loses against Farron. If the Court agrees, then Farron has a judgment against him equaling Wendel's judgment against Basch because of what Farron himself has done. Anything Clodes may or may not have done has nothing to do with this inquiry or adjudication. Accordingly, the Court can adjudicate the Basch-Farron dispute in the Third-Party Complaint absent Clodes' presence as a party. *See Chesapeake Employers' Ins. Co. v. Eases*, 77 F. Supp. 3d 1241, 1249 (N.D. Ga. 2015) (allegations as pled control whether full adjudication is possible, not whether others may also be responsible as well); *Trantham v. American Cable & Tel., Inc.*, 2009 WL 3299816, *2 (M.D. Fla. Oct. 13, 2009) (as a practical matter, when a judgment between two parties can be entered either for or against one against the other, Rule 19(a)'s concerns are not implicated).

The Eleventh Circuit long ago established that joint obligors are not indispensable parties; an obligee can sue whomever it chooses among several obligors, as Basch has done here in this Third-Party Complaint. *See Brackin Tie, Lumber & Chip Co., Inc. v. McLarty Farms, Inc.,* 704 F.2d 585 (11th Cir. 1983) (acknowledging that joint obligees are generally viewed as indispensable parties, the court noted that the opposite was true of joint obligors); *see also Dewitt*

4

*v. Daley*, 336 B.R. 552, 556 (S.D. Fla. 2006) (when multiple parties are alleged to be "employers" under the FLSA, none is an indispensable party among the others).

### Rule 19(a)(B)(ii)

As to Rule 19(a)(B)(ii), Clodes' absence does not create any risk, much less a substantial risk, of double, multiple, or inconsistent obligations. Again, Farron does not even attempt to argue otherwise. If the Court finds that Basch sufficiently operated IREN and supervised Wendel such that he is personally liable for her claims, then the Court can consider whether Farron, as IREN's managing member, is responsible to Basch for that liability based on Basch's allegations that Farron hired Wendel and supervised her between the two. Farron's liability to Basch is dependent upon Farron's own action with respect to Wendell's work for IREN, not based on anything relating to Clodes. No risk of any double, multiple, or inconsistent obligations exists.

Subsection (a)(1)(b)(ii) "was enacted to protect parties from a 'substantial risk' of multiple, inconsistent obligations." *Dominguez v. True Help Servs., Inc.*, 2019 WL 5110700, \*2, 3 (M.D. Fla. July 1, 2019). It does not exist to protect parties from possible risks. *Id.* (citing *Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel*, 895 F.2d 116, 122 (3d Cir. 1990)). Farron does not even raise, argue, or mention any *possible* risk, much less a substantial risk.

In sum, Farron's Motion utterly fails to show how Clodes is even a required party under Rule 19(a), which merits the denial of his Motion without further inquiry. *See Helix Inv. Mgmt., LP*, 364 F. Supp. 3d at 1353.

### Rule 19(b)

While Farron has failed to show that Clodes is required to be joined under Rule 19(a), should the Court seek to consider Rule 19(b), it is not feasible for Clodes to be joined in this action. Farron did not file this Motion until October 21, 2019, over a month after the Court's deadline to amend pleadings or to add parties [ECF 30, p. 2].

When an allegedly required party cannot feasibly be joined, the Court must consider whether the action must proceed, or the claims should be dismissed. Under Rule 19(b), the factors the Court considers are (1) prejudice created by the entry of judgment to that allegedly required party or the remaining parties, (2) whether relief may be afforded taking into account the missing party to lessen any prejudice, (3) whether any judgment would be inadequate absent the allegedly required party, and (4) prejudice to the parties if the Court dismissed the matter.

Here, Farron has not even cited to Rule 19(b), much less engaged in any analysis of these factors to support dismissal. As set forth above, Basch's Third-Party Complaint against Farron

5

is based on Farron's status as managing member of IREN and his hiring and supervision of Wendel when she was with IREN. To the extent that makes Farron liable to Basch for any liability the Court may find against Basch in favor of Wendel, no prejudice is created to Farron if the Court rules against him absent Clodes. The common law indemnification claims that Basch has brought against Farron are based on Farron's own actions and wrongdoing, not based on anything Clodes may or may not have done. Additionally, the lack of feasibility of joining Clodes is a result of Farron's delay in filing his Motion. Basch should not be penalized with a dismissal due to Farron's delay.

### III.   Conclusion

Farron has utterly failed to meet his burden of demonstrating that Clodes is an indispensable party under Rule 19. For these reasons, the Court should deny Farron's Motion.

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via the email addresses of all parties in interest as set for on the CM/ECF systems with the Clerk of the Court, on this the 4th day of November, 2019.

**STEVEN FENDER PA**

*/s/ G. Steven Fender*
G. STEVEN FENDER, ESQ.
Florida Bar No. 060992
Attorney for David Basch
P.O. Box 1545
Ft. Lauderdale, FL 33302
Telephone: (407) 810-2458
Email: steven.fender@fender-law.com