UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21658-Civ-WILLIAMS/TORRES

GISELE ROTH SAIZ WENDEL,

       Plaintiff,

v.

INTERNATIONAL REAL ESTATE.
NEWS, LLC and DAVID BASCH,

       Defendants.
_____/

DAVID BASCH,

       Defendant/Third-Party Plaintiff,

v.

DAVID FARRON,

       Third-Party Defendant.
_____/

**REPORT AND RECOMMENDATION ON**
**THIRD-PARTY DEFENDANT'S MOTION TO DISMISS**

      This matter is before the Court on David Farron's ("Third-Party Defendant" or "Farron") motion to dismiss without prejudice David Basch's (Third-Party Plaintiff" or "Basch") third-party complaint. [D.E. 44]. Third-Party Plaintiff filed a response to the motion on November 4, 2019. [D.E. 46]. Third-Party Defendant then filed his reply on November 12, 2019. [D.E.48]. Judge Williams referred the motion for disposition to the undersigned Magistrate on October 22, 2019. [D.E. 45]. Following

1

our review of the parties' briefing materials and the relevant governing authorities, Third-Party Defendant's motion should be **DENIED**.

## I. BACKGROUND

This case began on April 29, 2019 by Gisele Roth Saiz Wendel ("Plaintiff" or "Wendel") filing a complaint against Basch and the company International Real Estate.News, LLC ("IREN") for back pay under the Fair Labor Standards Act ("FLSA") and Florida law. [D.E. 1]. On August 15, 2019, the Court entered a final default judgment in favor of Plaintiff against IREN; the action against Basch is still pending. [D.E. 32].

Basch filed his third-party complaint on August 13, 2019 against Farron asserting a claim for common law indemnification for the claims brought against him by Plaintiff. [D.E. 31]. In the same complaint, Basch also included a counterclaim against Plaintiff for abuse of process. *Id.* Plaintiff filed a motion to dismiss Basch's counterclaim on August 27, 2019, [D.E. 34]; and an order granting the motion to dismiss and adopting a Report and Recommendation by the undersigned Magistrate was entered on November 21, 2019. [D.E. 50].

In Basch's third-party complaint, he states that each of Basch and Farron owned 47.5% of IREN, and Clodes Basch ("Clodes"), Basch's former wife, owned 5%. [D.E. 31]. Since IREN's formation and at all relevant times, Farron controlled and managed IREN's business, finances, and operations, including handling all employment issues. *Id.*

2

An initial project of IREN was to create a website that would provide information on condominium prices per square foot on "crawlers." *Id.* Clodes knew that Wendel and her husband were capable of building websites and introduced them to Farron. *Id.* Because IREN was a new company with little capital and no revenue, Farron suggested to Basch that Clodes and her husband be made 2% partners in IREN in exchange for building the website. *Id.* However, by August of 2018, IREN was out of money, so Farron told Basch that he could not pay Wendel for her services. This is the last information Basch knew about Wendel's employment relationship with IREN. *Id.*

Basch later found out that Farron and Wendel's husband were using IREN resources to operate a new company they started. *Id.* Farron then offered to sell his interest in IREN to Basch and Clodes for $1. *Id.* In connection with this offer, Farron had Wendel invoice IREN for her unpaid services of creating the website, which totaled $99,477.61. *Id.* After failing to reach an agreement to buy Farron's share of IREN, Basch and Farron discussed dissolving IREN for several months. *Id.* Eventually, Basch filed a state court action, against Farron and others involved in using IREN's resources, to judicially dissolve IREN. *Id.*

Farron filed the pending motion to dismiss on October 21, 2019. [D.E. 44]. Farron claims that the third-party complaint should be dismissed without prejudice because Clodes is a necessary party to Basch's third-party complaint and thus the third-party complaint must be amended to join Clodes pursuant to Federal Rule of Civil Procedure 19.

3

## II. APPLICABLE PRINCIPLES AND LAW

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the non-moving party. *See, e.g., Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Rule 12(b)(7) provides that a complaint should be dismissed upon a plaintiff's "failure to join a party under Rule 19."

Rule 19 sets forth a two-step analysis in deciding whether to dismiss an action for failure to join an absent party. *See Molinos Valle del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011). First, a court must determine whether an absent party is required in the case under Rule 19(a). *See id.* A party is required if "in [the] person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); *see also Combe v. Flocar Inv. Group Corp.*, 977 F. Supp. 2d 1301, 1305 (S.D. Fla. 2013) (finding that additional parties that may have some liability in the action are not required to be joined if the court can still provide complete relief). A party is also required if the party has an interest in the action and resolution of the action may either "as a practical matter impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B). This question has been commonly analyzed as whether the non-joined party is "necessary."

Second, for all such necessary parties, a court determines whether the Rule 19(b) factors permit the litigation to continue if the party cannot be joined, or instead whether they are indispensable. *Focus on the Family v. Pinellas Suncoast Transit*

4

*Auth.,* 344 F.3d 1263, 1280 (11th Cir. 2003). The burden is on the moving party to establish that an absent party is required to be joined to an action. *See West Peninsular Title Co. v. Palm Beach Cnty.*, 41 F.3d 1490, 1492 (11th Cir. 1995).

### III.  ANALYSIS

Farron's motion is devoid of any analysis; he does nothing more than parrot the language of Rule 19(a) in support of his argument. Farron only maintains that Clodes must be joined to Basch's action because Clodes owned 5% of IREN, she was allegedly intimately involved in the management of IREN's activities,[1] and she established the business relationship between IREN and Wendel. Farron has made no showing that complete relief is impossible absent the joinder of Clodes nor has Farron demonstrated that Clodes has an interest in this action such that continuation of this case would expose Farron to a risk of incurring double or inconsistent obligations. Accordingly, Farron has not met his burden of demonstrating that Wendel is a necessary party who should be joined under Rule 19(a).

Even if Clodes was involved with some management decisions regarding Wendel, as Farron alleges, a corporate officer with operational control of a company is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages. *See, e.g., Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986). Because Wendel has stated a claim against Basch individually and IREN, and

---

[1]   Farron attempts to show this by providing (1) text messages where Clodes gives input on when to pay employees, (2) her email signature for IREN where she uses the title "coo" (an acronym for Chief Operating Officer), and (3) text messages between Farron and Clodes where Clodes is checking in on the progress of Wendel's website services and Wendel's employment immigration status.

the FLSA provides for joint and several liability, Clodes is not a necessary party that should be joined under 19(a). *See DeWitt v. Daley*, 336 B.R. 552, 556 (S.D. Fla. 2006) (finding that the company was not a necessary party when the company's manager that hired and supervised the plaintiffs was a party to the FLSA action). Wendel can obtain complete relief from Basch without making Clodes a party to the case. The fact that Basch or Farron may then have a claim for indemnification against Clodes is of no consequence. The "complete relief" provision of 19(a) "does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible." *Id.*

Moreover, Clodes ownership of 5% of IREN and her role in introducing Wendel to Farron is of no consequence. In the Eleventh Circuit, to be personally liable for FLSA violations, "an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel*, 803 F.2d at 638. Farron alludes to some circumstantial evidence that Clodes may have been involved in some employment decisions regarding Wendel, which evidence falls well below the standard needed to dismiss Basch's third-party complaint.

Therefore, the Court concludes that Clodes is not a party who should be joined under Rule 19(a). Because the Court finds that Clodes should not be joined under 19(a), it need not determine whether Clodes would be indispensable under

19(b). *See Focus on the Family,* 344 F.3d at 1279.[2] Thus, Farron's motion to dismiss for failure to join a necessary party should be **DENIED**.

## IV. CONCLUSION

For the reasons stated above, it is hereby **RECOMMENDED** that Third-Party Defendant's motion to dismiss be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 6th day of February, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[2] In addition, Farron makes no argument that Clodes cannot be joined to the third-party complaint.