UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21658-Civ-WILLIAMS/TORRES

GISELE ROTH SAIZ WENDEL,

        Plaintiff,

v.

INTERNATIONAL REAL ESTATE.
NEWS, LLC and DAVID BASCH,

        Defendants.
_____/

DAVID BASCH,

        Defendant/Third-Party Plaintiff,

v.

DAVID FARRON,

        Third-Party Defendant.
_____/

**REPORT AND RECOMMENDATION ON
<u>DEFENDANT'S MOTION TO DISMISS</u>**

This matter is before the Court on David Basch's ("Defendant" or "Basch") motion to dismiss Count VI of Gisele Roth Saiz Wendel's ("Plaintiff" or "Wendel") second amended complaint. [D.E. 66]. Plaintiff filed a response to the motion on January 28, 2020. [D.E. 72]. Defendant then filed his reply on February 4, 2020. [D.E. 75]. Judge Williams referred the motion for disposition to the undersigned Magistrate on January 17, 2020. [D.E. 67]. Following our review of the parties'

1

briefing materials and the relevant governing authorities, Defendant's motion should be **GRANTED**.

## I. BACKGROUND

This case began on April 29, 2019 by Wendel filing a complaint against Basch and the company International Real Estate.News, LLC for back pay under the Fair Labor Standards Act ("FLSA") and Florida law. [D.E. 1]. Basch subsequently filed a counterclaim for abuse of process on August 13, 2019. [D.E. 31]. Wendel then filed a motion to dismiss Basch's counterclaim on August 27, 2019, [D.E. 34]; and an order granting this motion to dismiss and adopting a Report and Recommendation (the "R&R") by the undersigned Magistrate was entered on November 21, 2019. [D.E. 47, 50]. The R&R dismissed the counterclaim on the grounds that the Florida litigation privilege protected Wendel's complaint.

On January 2, 2020, Wendel filed a second amended complaint that presented the same five counts as her original complaint but added a Count VI, FLSA retaliation. [D.E. 62]. Count VI specifically claims that Basch retaliated against Wendel by (1) filing his abuse of process counterclaim and (2) testifying in a deposition that he reported Wendel to the Department of Homeland Security ("DHS"), to potentially jeopardize her immigration status in the United States. Basch then filed the pending motion to dismiss on January 16, 2020. [D.E. 66].

## II.   APPLICABLE PRINCIPLES AND LAW

In ruling on a motion to dismiss, the Court must view the complaint "in the light most favorable to the plaintiff[]." *Rivell v. Private Health Care Sys., Inc.*, 520

2

F.3d 1308, 1309 (11th Cir. 2008) (citing *Hoffman–Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, all facts set forth in [a plaintiff's] complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) "is granted only when the [defendant] demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted) (alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atl. Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III.   ANALYSIS

Defendant contends that Count VI must be dismissed because Plaintiff has failed to establish the second element of a FLSA retaliation claim – that Wendel

suffered an adverse action by Basch – because his (1) counterclaim was dismissed on the grounds of Florida's litigation privilege, not on the merits and (2) "testimony" is not an "act." We will discuss each argument in turn.

### A. *Plaintiff Has Not Demonstrated that Defendant's Counterclaim Lacked a Reasonable Basis*

The FLSA's anti-retaliation provision makes it unlawful "to . . . discriminate against any employee because such employee has . . . instituted . . . any proceeding under [the FLSA] . . . ." 29 U.S.C. § 215(a)(3). This provision includes protecting former employees from retaliation by their former employers. *Smith v. BellSouth Telecomm., Inc.,* 273 F.3d 1303, 1309 (11th Cir. 2001). To succeed on a FLSA retaliation claim, a plaintiff must demonstrate that "(1) she engaged in activity protected under [the FLSA]; (2) she subsequently suffered an adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000) (quoting *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208-09 (10th Cir. 1997)).

The filing of a counterclaim can constitute an adverse action by an employer in an FLSA retaliation cause of action. *See Darveau v. Detecon, Inc.*, 515 F. 3d 334 (4th Cir. 2008) (holding that, in an FLSA retaliation case, an action "'that would have been materially adverse to a reasonable employee' because the 'employer's actions . . . could well dissuade a reasonable worker from making or supporting a charge of discrimination'" would be adverse, such as a retaliatory counterclaim) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 54 (2006)); *Munroe v. Partsbase, Inc.*, 2008 WL 4998777, at *2-3 (S.D. Fla. Nov. 20, 2008) (finding that the

4

filing of a counterclaim can be a retaliatory action but that the determination of retaliatory intent is a question of fact); *cf. Burlington,* 548 U.S. at 67 (holding that a Title VII retaliation plaintiff need not allege an ultimate adverse employment action because "[t]he scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm").

For a counterclaim to be considered an adverse action, a plaintiff must demonstrate that the counterclaim (1) was filed for a retaliatory motive and (2) lacks a reasonable basis in fact or law. *See Munroe v. PartsBase, Inc.*, 2009 WL 413721, at *8 (S.D. Fla. Feb. 18, 2009) (citing *Darveau,* 515 F.3d at 343-44). The standard for "determining whether a counterclaim has a 'reasonable basis' is whether there is a genuine issue of material fact." *Munroe*, 2009 WL 413721, at *9 (quoting *Barnes v. Akal Sec., Inc.*, 2005 WL 1459112, at *6 (D. Kan. June 20, 2005).

Here, Plaintiff argues that Defendant's counterclaim lacks a reasonable basis in fact and law because that is the holding of the R&R.[1]  Plaintiff has misread the R&R. The R&R did not rule on the merits of the counterclaim; it only found that the

---

[1]  Plaintiff first argues that her federal claim is not barred by the Florida litigation privilege; however, Defendant never argues to the contrary and expressly disclaims making this argument in his reply. Defendant has therefore waived this argument and the Court will not address its merits. But the Court notes the Eleventh Circuit has not addressed whether a state litigation privilege may act as a bar to a FLSA retaliation claim. The Seventh Circuit has held that the Illinois litigation privilege does not bar Title VII retaliation claims, a holding that some district courts in the Eleventh Circuit found persuasive in finding that the Florida litigation privilege should not bar federal retaliation claims at the summary judgment stage. *See Sims v. Unation, LLC*, 292 F. Supp. 3d 1286, 1302 (M.D. Fla. Feb. 14, 2018); *Ramos v. Hoyle*, 2009 WL 2151305, at *10 (S.D. Fla. July 16, 2009); *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998).

Florida litigation privilege barred an abuse of process counterclaim, nothing more. Thus, the R&R's holding does not show that Defendant's abuse of process claim lacks a reasonable basis in fact or law.

Regardless, to survive a motion to dismiss, Plaintiff need only allege plausible facts that the counterclaim was retaliatory and lacks a reasonable basis. Besides her inaccurate reliance on the R&R's holding, Plaintiff only alleges that Defendant filed his "retaliatory" counterclaim "in order to intimidate and dissuade her from pursuing" her lawsuit. This conclusory statement lacks sufficient facts to demonstrate how Defendant's counterclaim is baseless in law or fact. *See Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff has not demonstrated that the counterclaim is an adverse action under the the second prong of a FSLA retaliation claim.

### B. *"Testifying" is not an "Action"*

Plaintiff next argues that Defendant's deposition "testimony," in which he said he reported Plaintiff's immigration status to DHS, is an adverse action that satisfies the second prong of a FLSA retaliation claim. Specifically, Plaintiff alleges:

> "Plaintiff deposed Defendant . . . wherein he testified that he reported Plaintiff to the Department of Homeland Security as a direct and proximate result of her filing and pursuing this lawsuit against him, so as to potentially jeopardize Plaintiff's immigration status in this county. *See Suchite v. Kleppin*, 819 F. Supp. 2d 1284, 1294 (S.D. Fla. 2011)."

Generally, to report a "violation of the criminal laws is conduct which ordinarily should be encouraged, not penalized," but if done for retaliation, this may be unlawful. *Sure–Tan, Inc. v. NLRB,* 467 U.S. 883, 895 (1984). For an employer's action to be considered adverse to the employee, the employee must prove that the

6

action would "dissuade a reasonable worker from making or supporting a charge of discrimination." *Cf. Burlington,* 548 U.S. at 68 (decided in the Title VII context). In *Suchite v. Kleppin*, the district court held that the act of requesting a judge to "refer a plaintiff for criminal investigation and possible prosecution or deportation would dissuade a reasonable worker from making or supporting a charge of discrimination." 819 F. Supp. 2d 1284, 1293 (S.D. Fla. 2011) (holding, in a motion for summary judgment, that a defendant's actions in asking a judge to refer plaintiffs to the United States Attorney's Office were adverse but asking questions during depositions about employee's immigration status were not adverse).

Critically here, Plaintiff only alleges that Defendant "testified" about reporting her to DHS, but never alleges that he made the "act" of doing so. There cannot be an "adverse action" without an "action." Plaintiff could have based her FLSA retaliation claim on what Defendant allegedly did and not on what he allegedly said, but she did not.

As far as the Court is concerned, the "act" of reporting someone to a government agency may constitute unlawful retaliation and would thus require the denial of a motion to dismiss. *See Aguilar v. E.C. Mgmt. Corp.*, 2012 WL 12875471, at *2 (S.D. Fla. July 17, 2012) (denying a motion to dismiss brought by a law firm after it allegedly reported the plaintiff for unlawfully entering the United States). Because there is no alleged "act" carried out by Defendant, the Court does not need to decide in this instance. A reading of the deposition transcript alone does not support the allegation that Defendant reported her to DHS as "a direct and proximate

7

result of her filing and pursuing this lawsuit against him, so as to potentially jeopardize Plaintiff's immigration status in this county." To the contrary, the transcript shows that Defendant contacted DHS before and after Plaintiff filed her lawsuit against him to report that Plaintiff was trying to extort him. [D.E. 66, Exhibit A].

Plaintiff argues in her response, after Defendant provided a portion of the deposition transcript to the Court in his reply, that Defendant's "testimony" is not central to her claim, and Defendant's "act" of contacting DHS triggers liability for Defendant. Plaintiff cannot have it both ways; the Court will not look outside the four corners of the complaint only when convenient for her. By only referencing Defendant's deposition testimony in her allegations of Count VI, and thus making that testimony the sole basis for the claim, Plaintiff cannot now try and re-write her Count VI to include an "act" that was never pleaded in the first place.

Because the Court finds that Plaintiff has failed to plausibly allege that there was an adverse action against her, Defendant's motion to dismiss should be **GRANTED**.

### *IV.   CONCLUSION*

For the reasons stated above, it is hereby **RECOMMENDED** that Defendant's motion to dismiss, [D.E. 66], Count VI of Plaintiff's second amended complaint be **GRANTED**. And given that the discovery in the case is now almost closed, and has already been extended once, further amendments would be untimely.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have

fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

      **DONE AND SUBMITTED** in Chambers at Miami, Florida this 3rd day of March, 2020.

                                                        /s/ *Edwin G. Torres*
                                                         EDWIN G. TORRES
                                                         United States Magistrate Judge