UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21658-Civ-WILLIAMS/TORRES

GISELE ROTH SAIZ WENDEL,

       Plaintiff,

v.

INTERNATIONAL REAL ESTATE.
NEWS, LLC and DAVID BASCH,

       Defendants.
_____/

DAVID BASCH,

       Defendant/Third-Party Plaintiff,

v.

DAVID FARRON,

       Third-Party Defendant.
_____/

**AMENDED REPORT AND RECOMMENDATION ON
<u>CLODES BASCH'S MOTION TO QUASH AND/OR TO DISMISS</u>**

This matter is before the Court on Clodes Basch's ("Basch") motion to quash service and/or dismiss Third-Party Defendant David Farron's ("Farron") third-party complaint. [D.E. 108]. Farron responded to Basch's motion on May 15, 2020 [D.E. 121] to which Basch replied on May 22, 2020. [D.E 125]. Judge Williams referred the motion for disposition to the undersigned Magistrate Judge on May 5, 2020. [D.E.

1

110]. Following our review of the motion, record, and the relevant governing authorities, Basch's motion should be **DENIED**.[1]

## I.   BACKGROUND

This case began on April 29, 2019 by Gisele Roth Saiz Wendel ("Plaintiff") filing a complaint against David Basch ("Defendant") and the company International Real Estate.News, LLC ("IREN") for back pay under the Fair Labor Standards Act and Florida law. [D.E. 1]. On August 13, 2019, Defendant subsequently filed a third-party complaint for common law indemnification against Farron because he allegedly managed IRENs business dealings and operations. [D.E. 31]. On February 20, 2020, Farron filed a third-party complaint against Basch for common law indemnification because she allegedly was the chief operating officer of IREN and involved with employment decisions regarding Plaintiff. [D.E. 78].

On April 15, 2020, Farron filed a return of service that claims Basch was served with the third-party complaint. [D.E. 101]. The return of service states that a co-resident of Basch, Basch's former husband and Defendant, was served at the address of 5255 Collins Avenue, PH-B, Miami Beach, Florida on April 14, 2020. This address is for a penthouse condominium managed by Imperial House. Specifically, the return of service states: "Spoke to Mr. Basch through the door. He refused to open the door, I told him I was leaving the summons by the door." The summons was left outside the door and Defendant later retrieved it. Basch concedes that she was in bed at the

---

[1]   The Report and Recommendation entered by the Court on May 22, 2020 [D.E. 127] is hereby vacated.

residence when the summons was left outside the door. Basch also admits that she still sometimes stays at Defendant's condo and keeps her personal items there but claims she has not lived with her ex-husband since 2019.

Basch argues that this "drop service" was not sufficient under Federal Rule of Civil Procedure 4(e)(2) for two reasons: (1) because Defendant's condominium is not her "dwelling or usual place of abode" and (2) "drop service" is not sufficient absent a showing that Basch is actively evading service. In response, Farron asserts that Basch lives with her former husband in the condo because she (1) keeps personal items there, (2) stays at the condo when she is going back and forth from Brazil; and (3) receives mail at the condo. Farron also contends that Basch is evading service as he has been trying to coordinate for her to appear for a deposition for months, but her legal counsel has refused to cooperate with scheduling a deposition.

## II.  APPLICABLE PRINCIPLES AND LAW

Rule 4(e) of the Federal Rules of Civil Procedure provides, in relevant part, that service of process upon an individual located within the United States may be accomplished by: (1) "delivering a copy of the summons and of the complaint to the individual personally," (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Personal service under the Federal Rules may be made by "[a]ny person who is at least 18 years or older and [who is] not a party." Fed. R. Civ. P. 4(c)(2). Alternatively, under Florida law, "[s]ervice of original

process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a).

Whether service of process is effectuated under the Federal Rules or Florida law, the primary purpose remains the same – to give a defendant notice that an action has been initiated. Due process requires that the method of service employed be reasonably calculated to give actual notice and to afford an adequate opportunity to be heard. Therefore, a plaintiff has the burden of proving proper service of process. *See Aetna Bus. Credit, Inc. v. Universal Decor & InteriorDesign*, 635 F.2d 434, 435 (5th Cir. 1981).

A defendant's challenge to the sufficiency of process must describe with specificity how service of process failed to meet the procedural requirements of the federal rules or state law, whichever is applicable. *See O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993). Once a defendant challenges service of process, the plaintiff has the burden to demonstrate sufficient service of process by making a prima facie case of proper service. *See Andujar v. All Coast Transporters, Inc.*, 2013 WL 2404059, at *2 (S.D. Fla. May 31, 2013) ("[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity.") (internal quotation marks omitted). A signed return of service is prima facie evidence of proper service. *See Blair v. City of Worcester*, 522 F.3d 105, 111-12 (1st Cir. 2008) (indicating that a signed return serves as prima facie evidence of valid

service); *see also S.E.C. v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) ("A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'") (quoting *O'Brien*, 998 F.2d at 1398).

If a plaintiff makes a prima facie showing of proper service, the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process. *O'Brien*, 998 F.2d at 1398. A court may look to affidavits, depositions, and oral testimony to resolve disputed questions of fact. *See Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003). When a defendant supports his or her motion to quash with affidavits, the plaintiff is also permitted to submit counter-affidavits, depositions, or oral testimony.

Here, the signed return of service constitutes prima facie evidence of valid service because it meets all the requirements under Florida law. More specifically, the return of service includes (1) the date and time that the process server received the pleading, (2) the date and time that process was served, (3) the manner of service, (4) the name of the person served, and a signature of the person who effectuated service of process. *See* Fla. Stat. § 48.21. Because the return of service meets all the requirements under Florida law, Farron has met his initial burden of establishing proper service and the burden shifts to Basch to bring strong convincing evidence of insufficient process.

### A. *Usual Place of Abode*

Basch first argues that Defendant's residence is not her "usual place of abode." "Usual place of abode," means "the place where the defendant is actually living at the time of service," and a person can only have one "usual place of abode." *Stettner v. Richardson*, 143 So. 3d 987, 990 (Fla. 3d DCA 2014). According to the affidavit submitted by Defendant, Basch has not lived with him since early 2019 and that Basch now lives in Brazil. [D.E. 108, Ex. A]. Basch contends that Defendant's affidavit is enough to establish strong convincing evidence that Defendant's residence is not her usual abode.

Basch relies on *Hollander v. Wolf*, in making this argument. 2009 WL 3336012 (S.D. Fla. Oct. 14, 2009). In *Hollander*, the summons was left with someone at a residence that the process servicer believed to be the defendant's residence. The current resident and owner of such home submitted an affidavit that the defendant had not lived in the home for almost a year. *Id.*, at *3. The court found that the affidavit established strong and convincing evidence that substitute service was not adequate because the owner and resident of the residence, under the penalty of perjury, attested to the fact that defendant did not live with her. *See id.* (granting motion to quash service because plaintiff did not present enough counter evidence that the defendant lived at the residence where the summons was left). However, *Hollander* allows the plaintiff an opportunity to offer-counter evidence to rebut the defendant's affidavit. *Id.*, at *4. We agree with the reasoning in *Hollander* and

6

Defendant, under penalty of perjury, attests that Basch does not live with him. This is a factor supporting the motion.

Farron counters this by providing a sworn affidavit from Octavio Fiol, the agent that left the summons outside the condo's front door. Mr. Fiol attests that an Imperial House employee confirmed that Basch lived in the condo with Defendant and that they were both home when Mr. Fiol arrived to serve Basch. [D.E. 121-3]. Further, Mr. Fiol attests that Defendant never claimed that Basch did not live there and he only said she was not there at the time. *Id.* Based on *Hollander*, Farron has effectively rebutted Defendant's assertion that Basch did not live with him. In sum, Basch does not deny she lived in the condo as of 2019, keeps her personal items there, receives mail there, still stays there on occasion – including when the service processer was there, and an employee at the condo claimed she lived there. We also look at this through the lens of the COVID-19 pandemic. At the time of service, Miami Beach had a standing shelter in place order and all travel in and out of the United States was basically non-existent. Even if Basch desired to live in Brazil at the time of service, she was effectively forced to live with Defendant for the foreseeable future. Accordingly, Basch was served at her usual place of abode.

### B. *Drop Service*

Next, Basch argues that the "drop service" was not sufficient because there is not substantial evidence that she is actively evading service. For instance, the process server came to the condo one time, refused to identify himself, and simply left the process papers outside.

Service is proper if a party being served attempts to avoid service, and the process server "leaves the papers at a place from which such person can easily retrieve them and takes reasonable steps to call such delivery to the attention of the person to be served." *See Kennedy v. Grova*, 2012 WL 1368139 at *2 (S.D. Fla. April 19, 2012) (quoting *Olin Corp. v. Haney*, 245 So. 2d 669, 670-71 (Fla. 4th DCA 1971)). With Farron making his prima facie case that service was proper, the burden is on Basch to show service was improper under her "drop service" theory. Here, Mr. Fiol attests that he was told that Basch and Defendant were home. [D.E. 121-3]. He knocked on the door and announced that he had a summons for Basch after Defendant asked who it was. After Defendant refused to open the door or have Basch come to the door, Mr. Fiol made it clear that he was leaving the papers directly outside the penthouse's front door where Defendant eventually found them when he next left his condo.

Basch confirms that she was indeed in the condo when Mr. Fiol knocked on the door and announced that he had papers to serve upon her, but she did not come to the door. [D.E. 121-3]. This is sufficient to show that "drop service" was proper after Basch evaded service. *See Sportcrete Ltd. v. Sternberg*, 2011 WL 13298767, at *4 (M.D. Fla. Oct. 6, 2011) (denying motion to quash service when the process servicer made one attempt at service and attested that he knew the defendant was inside the residence, made his presence known, and the defendant refused to answer the door before leaving the service papers outside); *Frank Keeven & Son, Inc. v. Callier Steel*

8

*Pipe & Tube, Inc.*, 107 F.R.D. 665 (S.D. Fla. Sept. 10, 1995) (finding that an individual that conceals her/his location is evading service of process).

Basch not only fails to meet her burden to present "strong and convincing evidence" that she did not evade service, she confirms she was home when the service processor was there. Basch also does not present any case law that a service processor must attempt service multiple times when he knows that the defendant is home but is not answering the door. Basch's argument that the service processer never received visual confirmation that Basch was home falls flat when the employee at the Imperial Court confirmed she was home and she was actually home.

In the context of COVID-19, the Court does not find it surprising that the service processer did not linger around the condo complex waiting to get a glimpse of Basch peeking out a window when he was already informed she was home. And it was reasonable for Basch and Defendant not to open the door to a stranger when the government was urging its citizens to physically distance from everyone outside their home while a deadly virus was spreading. But, this does not make the substitute service improper. Because the Court finds Basch has not presented sufficiently specific information to call into question the service processer's affidavit and we find the process server to be more credible, Basch's motion should be **DENIED**. *See Sportcrete*, 2011 WL 13298767, at *5.

Finally, Basch presents no argument why the third-party complaint against her should be dismissed. Accordingly, Basch's motion to dismiss Farron's third-party complaint is **DENIED**.

### *III. CONCLUSION*

Based on the foregoing, we **RECOMMEND** that Basch's motion [D.E. 108] should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Amended Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 10th day of August, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge