**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 19-21658-CIV-WILLIAMS**

GISELE ROTH SAIZ WENDEL,

    Plaintiff,

v.

INTERNATIONAL REAL ESTATE.
NEWS, LLC and DAVID BASCH,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on the Report and Recommendation entered by Magistrate Judge Edwin G. Torres on the Parties' cross motions for summary judgment. (DE 154). Plaintiff Gisele Roth Saiz Wendel ("Plaintiff") and Defendant David Basch ("Basch") each filed limited objections to the Report. (DE 157; DE 158).

In summary, the Report recommends that Defendant's Motion for Summary Judgment on Plaintiff's breach of contract claim be GRANTED; that Defendant's Motion for Summary Judgment on Plaintiff's unjust enrichment claim be GRANTED; but that in all other respects, Defendant's motion for summary judgment be DENIED. The Report also recommends that Plaintiff's Motion for Summary Judgment as to her eligibility for individual coverage under the Fair Labor Standards Act ("FLSA") be GRANTED; that Plaintiff's Motion for Summary Judgment that Defendant was Plaintiff's employer be GRANTED; and that Plaintiff's Motion for Summary Judgment that Defendant be deemed Plaintiff's joint employer be DENIED as moot.

**I.     DEFENDANT'S OBJECTIONS**

Defendant Basch objects to Magistrate Judge Torres' finding that Plaintiff is not judicially estopped from bringing her claims and that Defendant be deemed Plaintiff's employer under the FLSA. Having reviewed *de novo* the record and applicable law, the Court OVERRULES Defendant's objections regarding whether Plaintiff is judicially estopped and adopts the Report and Recommendation on this issue.

As to the latter issue, Defendant argues many of the facts relied on in the Report to conclude Defendant was an employer under the FLSA are in dispute:

> What is truly uncontested . . . is that Basch owned 47.5% of IREN, provided half the capital, paid to have IREN formed, was a signatory on its bank account, and Basch had access to its bank account and closed it after Farron and IREN abandoned the bank account, leaving a negative balance. IREN operated out of Basch's condominium a few days a week for two to three months in the middle of its nine month operating lifetime during which Basch has [sic] little to no interaction with IREN's employees or operations.

(DE 158 at 13−14). Having reviewed this issue *de novo*, the Court SUSTAINS Defendant's objection as set forth below. Furthermore, because the Report recommends denying as moot Plaintiff's motion regarding Defendant's joint employer status on the same basis, this issue must also be addressed.

A. Legal Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine

issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences in the light most favorable to the non-moving party and decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251−52).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323−24 (1986). Thus, Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. The existence of a mere "scintilla" of evidence in support of the nonmovant's position is insufficient; there must be evidence on which the jury could reasonably find for the nonmovant. *See Anderson*, 477 U.S. at 252.

B. Discussion

An individual cannot be held "liable for violating the overtime provision of the FLSA unless he is an 'employer' within the meaning of the Act." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (citing 29 U.S.C. § 207(a)(1); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984)). The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Whether an individual comes

under the scope of this definition "does not depend on technical or 'isolated factors but rather on the circumstances of the whole activity.'" *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973) (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)). Thus, a corporate officer can be jointly and severally liable under the FLSA along with the corporation. *Patel v. Wargo*, 803 F.2d 632, 637−38 (11th Cir. 1986). However, the "status as a corporate officer alone is insufficient to render an individual an 'employer' to hold the officer personally liable for unpaid wages." *Olivas v. A Little Havana Check Cash, Inc.*, 324 F. App'x 839, 845 (11th Cir. 2009). Instead, for a corporate officer to be held liable for unpaid wages as an employer, the officer must either "be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel*, 803 F.2d at 638.

Although the Magistrate's analysis of the Defendant's role is compelling, the Court finds that genuine issues of material fact exist as to whether Basch was an employer or joint employer of Plaintiff that preclude summary judgment. In support of Plaintiff's Motion, Plaintiff presents numerous arguments regarding her view of Defendant Basch's role within the company. In response, however, Basch points to opposing evidence from his declaration and deposition, which paints a vastly different picture than what Plaintiff presents. And where there is contradictory evidence in the record, "[t]he court does not weigh conflicting evidence or determine the credibility of witnesses" on a motion for summary judgment. *A.L. by & through D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018).

Plaintiff states Basch met with her regularly to direct her in her work.[1] Defendant states that is not true. Plaintiff states Basch made the decision as to how and how much Plaintiff would be paid. Defendant states that is not true. Plaintiff states Basch held meetings in his dining room when the company operated there. Again, Defendant argues that is not true and states that the meetings were held by David Farron ("Farron"). Both of the Parties' factual predicates are based on opposing, self-interested sworn statements, and the Court is not in a position at this juncture to weigh their veracity. Furthermore, neither Party presents any independent, corroborating evidence on this issue such that the Court could conclude—as a matter of law—that Basch was personally Plaintiff's employer given the requirement that individual employer liability must be determined based "on the circumstances of the whole activity." *Hodgson*, 471 F.2d at 237.

What is not in dispute is that Basch and Farron each owned 47.5 percent of the company that employed Plaintiff. Plaintiff argues that Basch's part ownership of the company, coupled with the fact that IREN operated out of Basch's condominium for a few months, indicates the level of control Basch had over the company and its employees. However, the evidence presented by Basch portrays Farron as the controlling member of the company in charge of the company's operations, decisions, and employees. And notably, Farron also lived at Basch's condominium during the brief time that the company operated there, which could support either Party's assertion. Considering these facts in the light most favorable to the nonmovant, the Court finds that there is a genuine dispute

---

[1] Plaintiff primarily relies on the deposition of David Farron (DE 113)—who was not named by Plaintiff in her suit but joined as a third-party defendant by Basch—to support her arguments that Basch managed the company. Basch relies on his own deposition (DE 115) to dispute this.

as to whether Basch's involvement in the company rose to a level that personal liability should be imposed and that this issue must be submitted to a jury. Accordingly, Defendant's objections are SUSTAINED as to this issue.

## II.     PLAINTIFF'S OBJECTIONS

The Court has reviewed Plaintiff's objections, Defendant' response, Plaintiff's reply in support, and the applicable law. Plaintiff's objections (DE 157) are OVERRULED.

## III.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment (DE 117) on Plaintiff's breach of contract claim is **GRANTED**. The Report is **AFFIRMED AND ADOPTED** on these grounds.

2. Defendant's Motion for Summary Judgment (DE 117) on Plaintiff's unjust enrichment claim is **GRANTED**. The Report is **AFFIRMED AND ADOPTED** on these grounds.

3. In all other respects, Defendant's Motion for Summary Judgment (DE 117) is **DENIED**. The Report is **AFFIRMED AND ADOPTED** on these grounds.

4. Plaintiff's Motion for Summary Judgment (DE 129) that she be deemed entitled to individual coverage under the FLSA is **GRANTED**. The Report is **AFFIRMED AND ADOPTED** on these grounds.

5. Plaintiff's Motion for Summary Judgment (DE 129) that Defendant be deemed Plaintiff's employer is **DENIED**.

6. Plaintiff's Motion for Summary Judgment (DE 129) that Defendant be deemed Plaintiff's joint employer is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 19th day of January, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE